**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WORLDWIDE EQUIPMENT, INC.,

    Plaintiff,

v.

MILLER INDUSTRIES,

    Defendant,

v.

FONTAINE MODIFICATION COMPANY

    Third-Party Defendant.

Case No. 1:01cv747

Judge Beckwith

## CROSS-CLAIM OF DEFENDANT MILLER INDUSTRIES TOWING EQUIPMENT, INC. AGAINST THIRD-PARTY DEFENDANT FONTAINE MODIFICATION COMPANY

Defendant Miller Industries Towing Equipment, Inc. ("Miller Industries"), for its Crossclaim against Fontaine Modification Company ("Fontaine"), states as follows:

1. Miller Industries is a Tennessee corporation duly licensed to conduct business in the State of Tennessee with its principal offices in Ooltewah, Tennessee.

2. Miller Industries is in the business of manufacturing towing equipment commonly called "wreckers" that are installed or mounted onto chassis.

3. Worldwide Equipment, Inc. ("Worldwide Equipment") is a distributor of towing equipment with its corporate headquarters located in Prestonsburg, Kentucky.

4. Upon information and belief, Fontaine is a Delaware Corporation, licensed to do business in Ohio, with one of its plants located in Springfield, Ohio.

5. On or about July 13, 1999, Miller Industries and Worldwide Equipment entered into a Nonexclusive Distributor Agreement (the "Distributor Agreement"), wherein Worldwide Equipment agreed to buy towing equipment manufactured by and/or provided by Miller Industries and sell it to the end user.

6. Worldwide Equipment is delinquent on its account and owes Miller Industries the sum of $156,623.55 plus interest accrued and consequential and incidental damages.

7. Fontaine purchased Miller Industries' products through the Worldwide Equipment distributorship.

8. For all sales to Fontaine, Miller Industries arranged shipment of the carriers and related products directly to Fontaine upon receipt of a purchase order. Miller Industries then invoiced Worldwide Equipment and Worldwide paid Miller Industries for each sale. Worldwide Equipment had the responsibility to invoice and collect payment from Fontaine. Worldwide Equipment made a profit of $500 per carrier sold.

9. Of the $156,623.55 that Worldwide Equipment owes to Miller Industries, $35,612.20 is due and owing for the sale of two carriers to Fontaine. Copies of the invoices from Miller Industries to Worldwide Equipment for the two carriers ordered by Fontaine, serial numbers CS21538F00 and C21545G00, are attached hereto as Exhibits A and B, respectively.

10. The two disputed carriers were shipped to Fontaine on July 31, 2000 and August 14, 2000, respectively. Copies of the respective bills of lading are attached hereto as Exhibits C and D.

11. Worldwide Equipment has alleged that Fontaine has not paid it for the two carriers and that it is not liable to Miller Industries until it receives payment from Fontaine.

12. Worldwide Equipment's defense that it is not liable to Miller Industries until it receives payment from Fontaine is contrary to the parties' agreement and prior course of dealing.

13. Nevertheless, if the Court finds that Worldwide Equipment is not liable to Miller Industries for the two carriers shipped to Fontaine because Fontaine has not yet paid Worldwide Equipment, then Fontaine is liable directly to Miller Industries for the two carriers it received.

### First Claim for Relief (Breach of Contract)

14. Miller Industries incorporates the allegations set forth in paragraphs 1 to 13 of the Crossclaim as if fully restated herein.

15. Fontaine ordered and received two carriers from Miller Industries for which it owes to Miller Industries the sum of $35,612.20.

16. Fontaine has not paid for the carriers that it received either directly to Miller Industries or through payment to the distributor, Worldwide Equipment.

17. Fontaine's actions, as set forth herein, constitute a breach of contract and Fontaine is liable to Miller Industries for damages incurred, plus interest, expenses, and attorneys' fees.

### Second Claim for Relief (Unjust Enrichment)

18. Miller Industries incorporates the allegations set forth in paragraphs 1 to 17 of the Counterclaim as if fully restated herein.

19. Fontaine benefited from its receipt of two carriers and Miller Industries is entitled to reimbursement for the cost of the carriers shipped to Fontaine. By virtue of its retention of the monies due to Miller Industries from its receipt of the carriers, Fontaine has been unjustly enriched.

20. Accordingly, Fontaine is liable to Miller Industries for money damages in the amount it has been unjustly enriched, plus interest, expenses and attorneys' fees.

WHEREFORE, defendant, Miller Industries Towing Equipment, Inc., prays that this Court enter judgment in its favor and against third-party defendant, Fontaine Modification Company, as follows:

A. That, if the Court finds that Worldwide Equipment is not liable to Miller Industries for the two carriers shipped to Fontaine because Fontaine has not paid Worldwide Equipment, Fontaine be found directly liable to Miller Industries for the two carriers it received;

B. That Miller Industries be awarded its damages in the minimum amount of $35,612.20 plus interest and consequential and incidental damages;

C. That Miller Industries be awarded its costs and expenses in pursuing this action, including its reasonable attorneys' fees; and

D. Such other relief as the Court deems just and equitable.

Respectfully submitted,

s/ W. Breck Weigel
W. Breck Weigel        (0030160)
Joshua N. Cash         (0068591)
Vorys, Sater, Seymour and Pease LLP
Suite 2100, Atrium Two
221 E. Fourth Street
Cincinnati, Ohio 45202
(513) 723-4078

Trial Attorneys for Defendant
Miller Industries

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2003, I caused a true copy of the foregoing document to be delivered via regular mail, postage prepaid to Peter J. Stautberg, Esq., Keating Muething & Klekamp PLL, 1400 Provident Tower, One East Fourth Street, Cincinnati, Ohio 45202, and Gordon Dale Arnold, Esq., Freund Freeze & Arnold LPA, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017.

s/ W. Breck Weigel
W. Breck Weigel